STATE EX REL. C. F. KEYES v. AL. P. ERICKSON AND ANOTHER.

SAMUEL H. CHUTE COMPANY, INTERVENER AND APPELLANT.[1]

December 31, 1920.

Nos. 22,039, 22,040.

**Tax judgment void, when.**
   A judgment in a proceeding to enforce delinquent taxes on real estate is void where it is made to appear that, after the tax upon a particular tract of land therein described became delinquent and before the delinquent list was published, it was paid by one who had purchased such tract at a delinquent tax sale for the preceding year's tax, and from which sale there had been no redemption.

Upon the relation of C. F. Keyes, the district court for Hennepin

[1]Reported in 180 N. W. 544.

county granted its alternative writ of mandamus directed to the auditor and treasurer of that county requiring the auditor to cancel the record of payment of taxes for 1917 on certain parcels of land and re-extend against the same the taxes as originally levied and assessed, requiring the treasurer to refund the amount paid by the Samuel H. Chute Company and directing him not to accept in payment of the delinquent taxes a less sum than the amount paid by relator with interest from the time paid at 12 per cent per annum. The auditor and treasurer demurred to the petition and writ, and the Chute Company filed its complaint in intervention. From an order, Bardwell, J., directing the writ to stand as a peremptory writ, defendants and intervener appealed. Affirmed.

Paul J. Thompson, Acting County Attorney, Frank J. Williams, Assistant County Attorney, and Thomas C. Fitzpatrick, for appellants.

Charles F. Keyes, for respondent.

HOLT, J.

At the May, 1918, real estate tax sale, for the 1916 delinquent taxes, relator bid in three parcels of land owned by Samuel H. Chute Company. No redemption therefrom had been made when, on January 19, 1919, the taxes for 1917 on said parcels being delinquent, were paid by relator. Although so paid said parcels appeared on the delinquent tax list filed, pursuant to section 2094, G. S. 1913, by the auditor with the clerk of the district court, and on the list as published by the latter. The Samuel H. Chute Company answered, alleging the assessed valuation to be excessive. Afterwards, on stipulation between the county attorney and the attorney for the company, judgment was entered for the taxes upon the valuation as assessed, penalties and costs, except that interest was computed at 7 per cent instead of 12 per cent. On account of this difference in interest rate and the delay in entering the judgment, the company paid $238 less in clearing the records from the lien of this tax than the amount section 2125, G. S. 1913, assured to relator. Upon this state of the record relator obtained from the district court a peremptory writ of mandamus requiring the county auditor to cancel the record of payment of the taxes for 1917 on said parcels and re-extend the same as originally levied and assessed, and that the county

treasurer refund the amount paid in by the Samuel H. Chute Company in its attempted redemption and payment of such taxes, and directing him not to accept in payment of said delinquent taxes a less sum than the amount paid by relator with interest from the time he paid at the rate of 12 per cent per annum. The county officers and the owner appeal.

The court evidently regarded the judgment in the tax proceeding void, because the tax had been paid by relator before the delinquent list was required to be filed with the clerk of the district court. The statute, section 2094, requires this list to be so filed on or before February 1 each year. G. S. 1913, § 2125, gave relator, as purchaser at the May, 1918, tax sale, the absolute right to pay the 1917 tax at any time after it became delinquent, there having been no redemption. When he so did, on January 19, 1919, the auditor was required by section 2114 not to include the parcels in the delinquent list to be filed with the clerk of the district court, or if he had so filed the list to "immediately certify such payment to the clerk, who shall note the same on such delinquent list; and all proceedings pending against such parcel shall thereupon be discontinued." Failure to comply with this requirement cannot give validity to a judgment subsequently entered. The language of the statute is very explicit that judgment entered against a parcel of land after the tax thereon has been paid, must be held void whenever it is made to appear that such was the fact. By section 2103 the court is given jurisdiction to enforce against each parcel of land in the published list "the taxes, accrued penalties, and costs upon it then delinquent * * * Provided, that any judgment rendered in such proceedings shall be void upon satisfactory proof made at any time that such real estate was exempt from taxation, or that such taxes were paid before judgment was rendered." It was conceded that relator paid the amount of the delinquent taxes as stated. So far as the state is concerned the taxes must be considered paid in every sense of the word when the proper officer received them from one who by said section 2125 was expressly authorized to pay them, and who produced evidence thereof, viz., his prior tax sale certificate. The section (2111) in relation to opening such judgments, also indicates a purpose not to permit any effect to be given them. We therefore conclude the court below was

right in holding the judgment here in question a nullity and directing the county officials to correct the records to read as if no judgment had ever been entered. What remedy, if any, the owner may have for an excessive tax, where payment is made under the circumstances here disclosed, we do not consider, for we hold that the payment made by relator stopped the proceeding as to the parcels involved, and the court was thereafter without jurisdiction, and that jurisdiction could not be conferred by any stipulation between the county attorney and the owner to relator's prejudice.

Affirmed.